NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4711
_____

MIGUEL ANGEL CHUVA,

Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DEPARTMENT OF JUSTICE; WILLIAM RILEY,
District Director, Bureau of Immigration
and Customs Enforcement
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 06-cv-2100)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before: CHAGARES, JORDAN, and GREENAWAY, JR., Circuit Judges

(Opinion Filed: June 24, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

1

Miguel Angel Chuva ("Chuva") appeals from an order of the District Court dismissing his petition seeking the issuance of a writ of habeas corpus for lack of jurisdiction, pursuant to 8 U.S.C. § 1252. For the reasons set forth below, we will affirm the District Court's order.

## I. Background Facts

We write primarily for the parties, and thus recount only the essential facts.

Chuva was removed from the United States in 2000. He re-entered the country in 2004. On October 23, 2006, Chuva was taken into custody by the federal government[1] and scheduled for removal.

On October 25, 2006, Chuva filed a petition for habeas corpus in the District Court, seeking a stay of removal, an injunction stopping his removal, and a decision on the merits of his claim of derivative citizenship. The District Court dismissed the petition seeking habeas corpus relief that same day, and did not transfer the petition to this Court.

## II. Jurisdiction and Standard of Review

The District Court concluded that it lacked jurisdiction, pursuant to 8 U.S.C. § 1252. We have jurisdiction over an appeal of the District Court's order dismissing a complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1291. Taliafero v.

---

[1] Chuva's counsel states that Chuva was detained by the Bureau of Citizenship and Immigration Services ("CIS") following a traffic stop in Delaware, while the government states that Chuva was detained by Immigration and Customs Enforcement ("ICE"). This difference is immaterial to the issues underlying this appeal.

Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). We exercise plenary review over a district court's order dismissing a complaint for lack of subject matter jurisdiction. Id. at 188.

## III. Analysis

Chuva has only filed a notice of appeal seeking review of the District Court's order; he has not filed with this Court an original petition seeking review of the order of removal.[2] Pursuant to 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." The District Court correctly concluded that this section divests it of jurisdiction to review Chuva's petition.

As to Chuva's claim of derivative citizenship, the District Court did not address this question. Therefore, we do not, and cannot, address that claim, as the only issue appealed to us was the jurisdictional question decided by the District Court.[3]

---

[2] The procedural posture of this case differs from that described in Jordon v. Att'y Gen., 424 F.3d 320 (3d Cir. 2005). In Jordon, the District Court had ruled on Jordon's habeas petition prior to the effective date of the REAL ID Act, which amended 8 U.S.C. § 1252. Jordon appealed, and, during the pendency of his appeal, the amendment to § 1252 took effect. As a result, this Court converted the direct appeal to an original petition for review. We see no reason to sua sponte convert this appeal to an original petition, given that the judicial review provision of the REAL ID Act had been in effect for well over a year at the time the District Court entered the order in question. Further, this Court's order, dated November 1, 2006, placed Chuva on notice that his petition was not transferred to this Court. (App. 8.) Rather than seeking to transfer the petition, Chuva filed a notice of appeal from the District Court's decision dismissing the case for lack of jurisdiction.

[3] On February 15, 2007, Chuva filed an Application for a Certificate of

## IV.  Conclusion

For the reasons stated above, we will affirm the District Court's order stating that it lacked subject matter jurisdiction over Chuva's petition for habeas corpus.

---

Citizenship (N-600) with CIS.  The government, in response to this Court's order requesting a status report on this application, reported that Chuva's application was denied on September 18, 2008.  Chuva has not asked that we review that decision.